```
                                UNITED STATES DISTRICT COURT
                                SOUTHERN DISTRICT OF FLORIDA

                                CASE NO.  11-20465-CIV-MARTINEZ
                                MAGISTRATE JUDGE P. A. WHITE

SHAWN T. NELSON,                :

        Plaintiff,              :

v.                              :       REPORT OF
                                        MAGISTRATE JUDGE
SGT. SCOTT, et al.,             :

        Defendants.             :
_____
```

The pro-se plaintiff, Shawn T. Nelson, filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging unlawful dismissal of his job at Metro West Detention Center. (De#1) The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

II.  Analysis

A.  Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>     Sec. 1915 Proceedings in Forma Pauperis
>
>                   *   *   *
>
>     (e)(2) Notwithstanding any filing fee, or
>     any portion thereof, that may have been paid,
>     the court shall dismiss the case at any time
>     if the court determines that –

>              *   *   *
>
>     (B) the action or appeal –
>
>              *   *   *
>
>     (i)  is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or
>
>     (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). <u>Twombly</u> applies to §1983 prisoner actions. See <u>Douglas v. Yates</u>, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. <u>Id.</u> This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the <u>Twombly</u> standard was clarified in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

B.  Factual Allegations

The plaintiff alleges that on September 15, 2009, he was told he had lost his job at the Metro West Detention Center because he was listed under the wrong name. He names as defendants Officers Scott and Wellington. He seeks injunctive relief to prevent this happening in the future to unnamed inmates.

C.  Analysis of Sufficiency of Complaint

The plaintiff is now confined in Orangeburg, South Carolina. Any claims relating to him would be moot. Spears v Thigpen, 846 F.2nd 1327 (11 Cir. 1988).

Further, the plaintiff has been transferred to another place of confinement he has no standing to request prospective relief for unnamed future inmates. See: Jones v McElroy, 429 F. Supp 848 (DC 1977)(to support a claim pursuant to §1983, a person has to show he suffered a personal injury within the zone of interests protected by the constitution). As Nelson has been transferred out of Metro West Detention Center he has not suffered an injury.

Lastly, an inmate has no property rights to a prison job, and therefore no constitutional right to keep or lose a prison job. Jones v Townsend, 2008 WL 2795132 (WD Va. 2008); Evans v Miss.Dept. Of Corr., 2008 SL 410647 (2008); Harris v Sivley, 951 F.2d 360 (CA 1991).

III.  Conclusion

It is therefore recommended as follows:

1. This complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. This case shall be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 14th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Shawn Nelson, Pro Se
    Orangeburg Detention Center
    Address of Record